Reese, J.
delivered the following opinion.
Several years ago, the complainant for the consideration of natural love and affection, conveyed a tract of land to his son, Samuel L. Farrar, reserving to himself and wife, or the survivor of them a life estate. About the time of the death of complainant’s wife; Samuel L. Farrar, the son, wished to sell to Bridges, the son-in-law of complainant, his interest in the tract of land, but Bridges would' not buy unless complainant would join in the conveyance, and transfer to him his life estate, said Bridges and Samuel L. promising if he would do so, to put him into possession of another tract of land, and secure to him the title thereof for his life. He joined in the conveyance and surrendered the possession to Bridges, and Samuel L. and Bridges did put him into the possession of the other tract of land, where he remained about a year. But shortly after he went into possession of that other tract, he alledges that Bridges rented out the land or a portion of it, which the complainant had gone into the possession of, and that Samuel L. and Bridges failed and refused to secure to him a title to the tract in question for his life, upon which he quit the possession. These are the facts stated in the bill — averments of fraudulent intent and fraudulent combination are made with sufficient liberality throughout the bill; but no fraud is shown to distinguish this case from any other in which a party neglects or refuses to comply with his engagements, and to pay for property purchased. The prayer of the bill is that the deed be can-celled. Bridges has demurred to the bill, and the demurrer has been allowed by the chancellor. His decree must be af *567 firmed. Fraud, indeed, vitiates all. contracts into whicli it enters; but the mere non-compliance .with the terms of the contract in not paying the stipulated consideration is not such fraud. If a party convey his land, by deed, upon a promise, that he shall be paid, it will not authorize the cancelling the deed in Chancery, by the mere allegation of fraudulent intent — so we affirm the decree.